TED R. FRAME (SBN 023736)
**FRAME & MATSUMOTO**
201 Washington Street
P.O. Box 895
Coalinga, CA 93210
Tel: (559) 935-1552
Fax: (559) 935-1555

JOAN M. COTKIN (SBN 70665)
**NOSSAMAN LLP**
777 S. Figueroa Street, 34th Floor
Los Angeles, CA 90017
Tel: (213) 612-7800
Fax: (213) 612-7801

Attorneys for Plaintiff, BRITZ FERTILIZERS, INC.

MARC S. HINES (SBN 140065)
MICHELLE L. CARDER (SBN 174481)
CHRISTINE M. EMANUELSON (SBN 221269)
**HINES SMITH CARDER**
3090 Bristol Street, Suite 300
Costa Mesa, CA 92626
Tel: (714) 513-1122
Fax: (714) 513-1123

Attorneys for Defendant, NATIONWIDE AGRIBUSINESS INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| BRITZ FERTILIZERS, INC., <br><br> Plaintiff, <br> v. <br><br> NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, <br><br> Defendant. | Case No. 1:10-CV-02051-AWI-MJS <br><br> **STIPULATED PROTECTIVE ORDER** |

/ / /

/ / /

1
STIPULATED PROTECTIVE ORDER

**TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**IT IS HEREBY STIPULATED AND AGREED** to, by and between the parties to this action, through their respective attorneys of record, HINES SMITH CARDER for Defendant, Nationwide Agribusiness Insurance Company ("Nationwide"), and FRAME & MATSUMOTO and NOSSAMAN, LLP, for Plaintiff Britz Fertilizers, Inc. ("Britz"), that certain documents produced in connection with discovery proceedings in this action shall be subject to the following confidentiality agreement ("the Agreement"):

    1.    The documents that are the subject of this Agreement include:

        a.    Proprietary and confidential documents of Nationwide containing trade secret or other confidential research, development or commercial information, and which Nationwide contends are protected by trade secret privileges under <u>Civil Code</u> §3426 *et seq.* and <u>Federal Rule of Civil Procedure</u> 26(c) and which Nationwide is producing to Plaintiff pursuant to discovery procedures while the above-referenced action is pending and marked by Nationwide as "CONFIDENTIAL."

        b.    Proprietary and confidential documents of Britz containing commercial and financial information which Britz contends are protected by privacy rights and by Federal Rule of Civil Procedure 26(c) which Britz may produce pursuant to discovery procedures while the above-referenced action is pending and which are marked by Britz as confidential.

The documents described in subsections a. and b. above and marked as "CONFIDENTIAL" are herein referred to as the "Confidential Documents." Confidential Documents may be marked by the producing party pursuant to the terms of the Agreement as "CONFIDENTIAL" at any time, regardless of when produced. Further, stamping the legend "CONFIDENTIAL" on the cover of any

multi-page document shall designate all pages of the documents as confidential, unless otherwise indicated by the producing party.

2. The Confidential Documents, and all copies or extracted therefrom, excerpts, summaries, compilations, testimony, conversations, presentations by parties or counsel to or in court, or in any other settings that might reveal said information, and information learned from the Confidential Documents, are confidential and proprietary in nature and protected by privacy rights and trade secret laws. It is the intent of the parties to preserve the confidentiality of the Confidential Documents and the information learned from it. The Confidential Documents and the information learned from them are not to be used in any fashion other than for the purposes of this litigation, and are not to be disclosed to any persons or entities except as set forth in the Agreement, and are to be kept confidential to the greatest extent possible, even within the confines of this litigation.

3. In the event a producing party marks any document or testimony "CONFIDENTIAL" which the other party believes is not protected by any trade secret privilege or is not confidential or proprietary in nature, the parties shall within thirty (30) days of the objecting party's request, meet and confer in good faith regarding removal of the "CONFIDENTIAL" designation. In the event the parties are unable to reach an agreement regarding designation of the documents as Confidential Documents subject to this Agreement or designation of testimony as subject to the restrictions of this Agreement, the objecting party shall move the Court for an order de-designating the subject document(s) as "CONFIDENTIAL," and nothing within this Agreement or corresponding order shall preclude the objecting party from making such motion. The burden of persuasion of any challenge proceeding shall be on the designating party. The parties agree to

continue to afford the material confidential protection until the Court rules on any such motion.

4. The parties agree the parties need not file a motion for protective order pursuant to <u>Federal Rules of Civil Procedure 26</u>.

5. Immediately following the conclusion of this litigation, either by settlement, judgment, dismissal or otherwise, counsel for the party or parties to which Confidential Documents were produced shall destroy the Confidential Documents, including any copies made of the Confidential Documents and including any extracts and/or summaries of the Confidential Documents containing information taken from the Confidential Documents.  Each party shall provide written notice to the other side that the Confidential Documents have been destroyed or, in the alternative, return the Confidential Documents to the other side with a cover letter confirming all Confidential Documents have been returned.  The parties and Counsel for the parties shall not discuss the Confidential Documents or information gleaned from the Confidential Documents at all with any person or party at any time after conclusion of the litigation, other than with their respective counsel and clients in the above-captioned action, counsel for Plaintiff, counsel for Nationwide, and the Court under seal.

6. The Confidential Documents shall be disclosed only to:

   a. The Court and its officers in accordance with Paragraph 8 herein;

   b. Counsel of Record for the parties and the staff assigned to assist Counsel of Record in this matter;

   c. Any experts or consultants retained by any of the Parties; provided such expert or consultant complies with Paragraph 7 herein;

   d. Witnesses during depositions in accordance with Paragraph 9 herein;

   e. Persons recording testimony involving such Confidential information, including Court reporters, stenographers and audio and/or video technicians, and clerical staff employed by any of the foregoing;

   f. Mediators who may be authorized by the parties to mediate the case; and

   g. Such other persons as hereafter may be designated by written stipulation of the parties, or by the Order of the Court.

 To "disclose" the Confidential Documents means to provide the Confidential Documents, or any one of them, to provide any documents which discuss the Confidential Documents, or to discuss or refer to any of the contents of the Confidential Documents.

 7. The Confidential Documents shall be disclosed to an expert or consultant under Paragraph 6 of the Agreement only upon the expert or consultant signing Exhibit 1 to the Agreement. Said expert or consultant witnesses shall not disclose the Confidential Documents to any person or entity. Said expert or consultant shall return the Confidential Documents and all copies thereof, including extracts and/or summaries of the Confidential Documents containing information taken from the Confidential Documents, to the party's respective counsel at the conclusion of the litigation. The original of such signed Exhibit 1 shall be retained by counsel for each party who intends to or does provide such expert or consultant any such Confidential Documents, until the conclusion of the above-captioned action, including any appeals. If requested to do so by counsel for any party, counsel shall provide a copy of such declarations to counsel making the request, unless such disclosure would provide information not otherwise subject to discovery (e.g., identification of non-testifying consultant experts or retained experts prior to expert disclosure date or identification of potential witnesses in violation of work product protection or any privilege). The parties

agree not to use these declarations for any purpose other than monitoring and enforcing compliance with this Order. The parties further agree to treat the declarations as confidential.

8. The Confidential Documents, and any documents or testimony disclosing its contents, shall be treated as confidential. Without written permission from the designating counsel, or a court order secured after appropriate notice to all interested parties, the other party may not file in the public record in this action any Confidential Documents. Any party that wishes to file under seal any Confidential Documents in connection with a motion, trial or appeal in this action, must comply with Local Rule 141.

9. During any deposition in which any of the Confidential Documents or confidential material subject to this Agreement are offered as an exhibit, or a witness is questioned about the specific contents of same, whether or not offered as an exhibit, all persons present at the deposition shall agree to observe the confidentiality of the Confidential Documents, the material and the terms of the Agreement. Said agreement shall be placed on the record at the deposition, and the Agreement shall me made an exhibit to the deposition. No witness shall be permitted to take any of the Confidential Documents, or any copies of same, from the deposition, nor shall they be permitted to retain any of the Confidential Documents, nor shall they be permitted to disclose any of the Confidential Documents. Within thirty (30) days of receipt of the original or a certified copy of the deposition transcript, if the designating party contends testimony pertaining to any document marked "CONFIDENTIAL" is subject to this Agreement, counsel shall provide written notice to the other party's counsel of the page and line numbers so designated. If a document designated as "CONFIDENTIAL" is used as an exhibit at a deposition, that document and the deposition testimony concerning it shall be deemed "CONFIDENTIAL" matter regardless of whether a

6
STIPULATED PROTECTIVE ORDER

party makes any formal designation thereof in connection with the deposition. If any portion of a deposition transcript is designated and/or deemed a "CONFIDENTIAL" matter, including exhibits, any production or lodging of the transcript in its entirety shall be produced and/or lodged under seal pursuant to Paragraph 8, above.

10. The parties reserve the right to seek an order from the Court, on noticed motion, to modify or change this Agreement, including the right to have documents designated as confidential deemed not confidential. This Agreement and the Confidential Documents governed hereby can only be deemed not confidential by an order of the Court upon motion or by stipulation.

11. Notwithstanding the termination of this action by settlement, judgment, dismissal or otherwise, the United States District Court for the Eastern District of California shall retain jurisdiction to enforce the Agreement.

**IT IS SO STIPULATED.**

DATED: December ___, 2011          **HINES SMITH CARDER**

By: _____
Marc S. Hines
Michelle L. Carder
Christine M. Emanuelson
Attorneys for Defendant,
NATIONWIDE AGRIBUSINESS
INSURANCE COMPANY

DATED: December ___, 2011          **FRAME & MATSUMOTO**

By: _____
Ted R. Frame, Esq.

Attorney for Plaintiff,
BRITZ FERTILIZERS, INC.

1 | DATED: December ___, 2011        **NOSSAMAN LLP**

2

3                                                    By: _____

4                                                    Joan M. Cotkin, Esq.
                                                     Terry C. Leuin, Esq.
                                                     Attorneys for Plaintiff,
5                                                    BRITZ FERTILIZERS, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

I, _____, declare:

1.  I hereby acknowledge that I have read the Stipulated Protective Order regarding the Confidential Documents (hereinafter "Order") in the case of *Britz Fertilizers, Inc. v. Nationwide Agribusiness Insurance Company,* U.S. District Court for the Eastern District of California, Case No. 1:10:CV-02051-AWI-MJS (the "Lawsuit") and I understand the terms of the Order and agree to abide by and be bound by the terms of the Order.

2.  I further acknowledge that I understand that the Confidential Documents may not be disclosed to anyone, except as authorized by this Order.

3.  I further acknowledge that the Confidential Documents may not be used for any purpose other than as required for my work in the Lawsuit. I further understand and acknowledge that any dissemination or use of such Confidential Documents or information in a manner inconsistent with the Order may subject me to contempt proceedings.

4.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

5.  Upon final dissolution of the Lawsuit, I shall return all copies of the Confidential Documents to the attorney, entity or person that retained me or my firm in the Lawsuit, or that provided me with the Confidential Documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: _____        By: _____

# ORDER

Based on the above Stipulation, and good cause appearing,

**IT IS ORDERED** that the Stipulated Protective Order, the terms of which are set forth above, be in force as a Protective Order of this Court, and that the parties, person and entities to whom the Confidential Documents, information and materials, as defined in the Stipulated Protective Order, be released shall be subject to and bound by the terms and conditions of the Stipulated Protective Order.

IT IS SO ORDERED.

Dated:   January 13, 2012              /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE