# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITZ FERTILIZERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NATIONWIDE AGRIBUSINESS<br>INSURANCE COMPANY,<br><br>　　　　　Defendant.<br>_____ / | CASE NO.   1:10-cv-02051-AWI-MJS<br><br>ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO STRIKE OR CONTINUE HEARING DATE OF MOTION TO COMPEL<br><br>(Doc. 99) |

　　　　On April 19, 2013, Defendant filed a motion to compel responses to deposition questions of Ted Frame. (Mot., ECF No. 90.) In response, Plaintiff filed the instant ex parte application to strike or continue the hearing date of the motion to compel. (Ex Parte App., ECF No. 99.) On April 30, 2013, Defendant filed a response to the ex parte application, and on May 1, 2013 Plaintiff filed a reply to the response. (ECF Nos. 106, 108.)

　　　　Plaintiff, in its ex parte application, asks the Court to strike the motion to compel as untimely and as lacking merit.

　　　　Plaintiff's attempt to raise issues regarding the substance of the motion, or defenses thereto, by way of an ex parte application are inappropriate. In re Intermagnetics Am., 101 B.R. 191, 194, 1989 U.S. Dist. LEXIS 6367 (C.D. Cal. 1989) ("[T]he application ought properly to be addressed to the *need* to exceed the page limit or for shortened time, rather than to the substance of the motion itself.") (emphasis in original); Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 489 (C.D. Cal. 1995). Plaintiff's application

-1-

to strike is DENIED. Plaintiff may present its arguments raised in its ex parte application in the joint statement to the motion to compel. (Local Rule 251.)

To the extent that Plaintiff alternatively asks to continue the hearing date for the motion to compel, the request is likewise DENIED.

First, Plaintiff did not act appropriately to seek a stipulation to the relief sought. Plaintiff did not employ genuine efforts to request a stipulation for additional time from Defendant. At 3:44 p.m. on April 24, Plaintiff's counsel sent an e-mail to Defendant's counsel stating in part: "Your demand that we complete a lengthy document in this fashion and at this time is unreasonable - you know very well we are preparing our Reply to your purported Opposition which, as usual, is hundreds, if not thousands of pages in length." (Ex Parte App., Ex. D.) Less than an hour later, at 4:36 p.m., Plaintiff's counsel again emailed Defense counsel stating: "If you fail and refuse to withdraw or continue your purported motion we will have no choice but to file an Ex Parte Application for an Order to Strike and/or Continue the same. Please Advise." A minute later, at 4:37 p.m., Defendant's counsel responded explaining that despite the length of the joint statement, the motion to compel only dealt with one issue. (Id.) At 4:53 p.m, Plaintiff's counsel e-mailed the Court to attempt to set the ninth discovery dispute conference in this matter to resolve the issue. The Court finds insufficient Plaintiff's attempts to meet an confer regarding a stipulation to extend time. Plaintiff's first request to extend time (beyond simply commenting that the time period was unreasonable) was made less than twenty minutes before asking the Court to intervene and resolve the dispute. The Court expects and demands more.

Secondly, Plaintiff's counsel does not present good cause why an extension of time is needed. Plaintiff's counsel complains that the motion coincides with the filing of Plaintiff's reply to the opposition to the motion for summary judgment. However, instead of attempting to explain that responding to the motion to compel would be infeasible, or unduly difficult, Plaintiff's counsel prepared and filed the present ex parte application setting forth the arguments and defenses that would be made in the joint statement. The same arguments can easily be adapted and placed in the joint statement. Plaintiff's ability

1  to file additional motions including substantive arguments regarding the substance of the
2  motion to compel belies the asserted need for additional time to file a response.
3      Accordingly, Plaintiff's Ex Parte Application to Strike or Continue the Hearing is
4  DENIED.

6  IT IS SO ORDERED.

7  Dated:    May 2, 2013                    /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE