UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITZ FERTILIZERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NATIONWIDE AGRIBUSINESS INSURANCE COMPANY,<br><br>　　　　Defendant.<br>_____/ | CASE NO.   1:10-cv-02051-AWI-MJS<br><br>ORDER DENYING DEFENDANT'S MOTION TO COMPEL AND MOTION TO MODIFY THE SCHEDULING ORDER<br><br>(Doc. 90) |

I. **INTRODUCTION**

On March 18, 2013, counsel for Defendant took the deposition of Plaintiff's counsel of record, Ted Frame. Due to disputes over objections to deposition questions, the parties initiated a telephonic discovery dispute conference with the undersigned. No rulings regarding the objections were made during the conference, but Defendant was authorized to file a motion to compel responses from Mr. Frame.

Defendant did not file a motion to compel or a motion to extend the non-dispositive motion deadline at any time before expiration of the March 25, 2013 non-dispositive motion deadline. Instead, Defendant waited until almost three weeks later, on April 19, 2013, to file a motion to modify the scheduling order and compel responses to the deposition questions. (Mot. to Compel, ECF No. 90.) In response, Plaintiff filed an April 25, 2013, ex parte application to strike or continue the hearing date of Defendant's motion to compel. The Court denied Plaintiff's ex parte application on May 2, 2013. On May 3, 2013, the parties

separately filed statements regarding the discovery disagreement and motion to compel. (ECF Nos. 110-11.) The Court having deemed the matter submitted without oral argument (Local Rule 230(g)), Defendant's motion to compel stands ready for adjudication.

## II.     DEFENDANT'S MOTION TO COMPEL IS UNTIMELY

The instant action was filed on November 4, 2010. On February 16, 2011, the Court issued a scheduling order pursuant to Federal Rule of Civil Procedure 16, setting the deadline to file non-dispositive motions, including discovery motions, as January 6, 2012. (ECF No. 9.) On November 10, 2012, upon the stipulation of the parties, the Court extended the non-dispositive motion deadline to July 9, 2012. (ECF No. 45.) On April 5, 2012, upon the stipulation of the parties, the Court again extended the non-dispositive motion deadline to March 25, 2013. (ECF No. 52.)

The present motion to compel was filed on April 19, 2013, over three weeks after the non-dispositive motion deadline. It is untimely.

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." Id. Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (quoting Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Maine 1985)). Accordingly, motions filed after deadlines set in a scheduling order are properly deemed untimely and may be denied solely on this ground. See, e.g., Johnson, 975 F.2d at 608-609. Defendant's motion was filed three weeks after the non-dispositive motion deadline. Defendant has stated grounds which might have justified a delay of a few days, but none whatsoever to justify the weeks that passed thereafter without the motion being filed or a request for additional time to file. The Court therefore DENIES the motion as untimely.

### III. **DEFENDANT'S MOTION TO MODIFY THE SCHEDULING ORDER**

Defendant, in the instant motion, requests to amend the scheduling order to allow Defendant to file the motion to compel and continue the deposition of Mr. Frame.

Under Rule 16(b) of the Federal Rules of Civil Procedure, a pretrial scheduling order shall not be modified except upon a showing of good cause. Johnson, 975 F.2d at 607-08; Hood v. Hartford Life and Accident Ins. Co., 567 F.Supp.2d 1221, 1224 (E.D. Cal. 2008). In Johnson, the Ninth Circuit described Rule 16(b)'s good cause standard as focusing on "the diligence of the party seeking the amendment." It recognized that while "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus is upon the moving party's reasons . . . If that party was not diligent, the inquiry should end." Id. at 609 (citation omitted); see also Ultimax Cement Manufacturing Corp. v. CTS Cement Manufacturing, 587 F.3d 1339, 1354 (9th Cir. 2010) ("'good cause' has been defeated by undue delay in moving to amend . . ."). A party may establish good cause to modify a scheduling order

> by showing '(1) that he or she was diligent in assisting the court in creating a workable Rule 16 order; (2) that his or her noncompliance with a rule 16 deadline occurred or will occur, notwithstanding his or her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that he or she was diligent in seeking amendment of the Rule 16 order, once it became apparent that he or she could not comply with the order.'

Hood v. Hartford Life & Accident Ins. Co., 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008) (quoting Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal.1999)); see also Weco Supply Co. v. Sherwin-Williams Co., 2012 U.S. Dist. LEXIS 57395, 7 (E.D. Cal. 2012) (Ishii, J.).

A request to modify and extend the deadlines set forth in the scheduling order is akin to filing a motion for extension of time. In this District, motions for extension of time are to be filed "as soon as the need for an extension becomes apparent." Local Rule 144(d). Further, "[R]equests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor." Id. It is without question that

requests filed after a deadline has passed are not well taken.

Plaintiff argues that Defendant was not diligent in seeking amendment of the non-dispositive motion deadline. Specifically, Plaintiff argues that Defendant's counsel has not presented sufficient reason why he, or another attorney in his office, could not have attempted to request, during the week between the deposition and the expiration of the non-dispositive motion deadline, a stipulation to extend the deadline. (See ECF no. 111 at 6-8.) Further, Plaintiff also argues Defendant showed a lack of diligence in waiting another three weeks after the deadline passed to file the motion to compel and motion to modify the scheduling order. (Id.)

Defendant argues it was not possible to seek amendment of the scheduling order earlier because: (1) the transcript of the Frame deposition was not available until one business day before the non-dispositive motion deadline; and, (2) David Morrow, Defendant's counsel responsible for taking Mr. Frame's deposition, was out of the office taking another deposition on the last business day before the deadline. Defendant also argues that Plaintiff was not prejudiced by delay because the earliest hearing date that the present motion could be heard was April 26, 2013. (ECF No. 110 at 25-27.)

Defendant's arguments are not persuasive. The fact that Defendant's counsel was taking another deposition and obtained a copy of the Frame deposition transcript the business day before the non-dispositive motion deadline may have served as good cause for showing why Petitioner could not have filed a motion to compel before the non-dispositive motion deadline. However, certainly a week would have been ample time for Defendant to attempt to obtain a stipulation from Plaintiff or to move the Court to extend the non-dispositive motion deadline to preserve the right to file the motion to compel. A request to extend the deadline is not a substantive filing. Defendant needed do little more than explain in a very short filing of a page or two why a motion to compel could not reasonably be filed within the week before the deadline. There is no requirement that the motion to compel be filed concurrently with the request to extend the deadline.

Rather than filing a request to extend the deadline promptly, Defendant waited over

three weeks after expiration of the deadline to seek relief. Nothing presented by Defendant shows justification for Defendant's delay for anything beyond perhaps a few days after the initial discovery dispute. As Defendant was not diligent, the request to amend the scheduling order is DENIED.

## IV.  CONCLUSION AND ORDER

Defendant's motion to compel and motion to modify the scheduling order is DENIED.

IT IS SO ORDERED.

Dated:   May 13, 2013             /s/ *Michael J. Seng*
                                                     UNITED STATES MAGISTRATE JUDGE