**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRITZ FERTILIZERS, INC.,<br><br>  Plaintiff,<br><br> v.<br><br>NATIONWIDE AGRIBUSINESS<br>INSURANCE COMPANY,<br><br>  Defendant.<br>_____/ | 1:10-cv-02051-AWI-MJS<br><br>ORDER RE PLAINTIFF'S<br>OBJECTION TO PRETRIAL<br>ORDER |

On June 19, 2015, this Court issued a pretrial order summarizing, among other things, the parties positions and the Court's holdings on summary judgment. That order instructed that any objection thereto had to be filed within ten days of the issuance of that order. Doc. 138 at § XII; Local Rule 283; Fed.R.Civ.P. 16. On June 29, 2015, Britz filed an objection to the Court's summary of how liability can be found under the umbrella policy. Nationwide filed its response on the same date.

The language in the pretrial order giving rise to this dispute is as follows:

> In summary, as to the breach of contract claim, in order for the CUP to cover the net loss in the underlying action, Britz must prove that an unexpected, unforeseen, or undesigned happening or consequence from either a known or an unknown cause – which is not otherwise excluded – was, at least, an independent or concurrent cause of the property damage in the underlying case. If Plaintiff cannot prove a qualifying occurrence, then whether an exclusion applies is irrelevant.

Doc. 138 at § V(A)(3).

Britz objects that the Court's summary fails to recognize that Nationwide bears the burden of proving that an exclusion applies to preclude coverage, insofar as the "which is not otherwise excluded" language seems to place the burden upon Britz. Doc. 143 at 2.[1] Nationwide has conceded that it must prove that an exclusion applies if Britz makes a showing that its claim otherwise falls within the scope of the policy. Doc. 144 at 1-2.

To settle any lingering doubt, with regard to its breach of contract claim, Britz must prove that an occurrence – within the meaning of the policy – took place. Then, if Britz so proves, Nationwide must prove that coverage for the occurrence is otherwise excluded under one of the applicable exclusions to defeat that claim.[2]

With that clarification in mind, specifically noting that the parties are in agreement that it is the insurer's burden to prove, not the insured's burden to disprove, the applicability of an exclusion, the Court declines to modify its pretrial order.

IT IS SO ORDERED.

Dated:   July 1, 2015                              _____
                                                    SENIOR DISTRICT JUDGE

---

[1] Britz proposes the following alternate summary:
> In summary, as to the breach of contract claim, in order for the CUP to cover the net loss in the underlying action, Britz must prove that an unexpected, unforeseen, or undesigned happening or consequence from either a known or unknown cause was, at least, an independent or concurrent cause of the property damage in the underlying case. To the extent Nationwide contends that one or more exclusions bar coverage, Nationwide has the burden of proving the exclusion applies to preclude coverage.

Doc. 143 at 2.

[2] The Court notes that this order does not modify any part of the Court's prior summary judgment order or its summary thereof in the pretrial order.

2